THE STATE, EX REL. THE BOARD OF EDUCATION OF THE CITY OF ELIZABETH, v. PATRICK SHERIDAN, COLLECTOR OF THE COUNTY OF UNION, AND WILLIAM D. BRUEN, CITY TREASURER OF THE CITY OF ELIZABETH.

THE STATE, EX REL. THE BOARD OF EDUCATION OF THE CITY OF ELIZABETH, v. THE CITY COUNCIL OF THE CITY OF ELIZABETH AND WILLIAM D. BRUEN, CITY TREASURER OF ELIZABETH.

1. The county collector of each county shall receive and hold in trust the state appropriation for public schools belonging to his county, and pay the same to the collectors of the several townships and to the city treasurers of the cities of his county, only on the orders of the county superintendents, and is responsible for these moneys if otherwise expended.

2. School taxes are to be levied and applied for the fiscal year beginning September 1st succeeding the assessment, and not for the preceding year.

3. A *mandamus* will be allowed for the payment of the county superintendent's order for the state appropriation for public schools, where the moneys have been applied for school purposes in the preceding year, beginning January 1st.

On rule to show cause why *mandamus* should not issue.

March 11th, 1878, the city council of Elizabeth passed an ordinance respecting taxes for the year 1878, among others requiring a tax to be assessed and collected of $33,600, for the support of public schools, including state appropriations and poll tax.

March 12th, 1878, before the tax had been assessed or collected, the amount named, $33,600, for schools, was placed to the credit of the board of education. The sum was expended by the board, for the schools of the city, during the year 1878, excepting a small balance of $1090.45, which remained to its credit December 31st, 1878.

This sum of $33,600 was the only sum raised by tax for school purposes in said city during the year 1878. The state school tax, commonly called the two-mill tax, was raised and collected as part of the said sum.

The county superintendent of schools, by an order dated January 15th, 1879, given to the treasurer of the city March 5th, 1879, directed the collector of Union county to pay to the order of the treasurer of the city of Elizabeth $24,487.44, being the amount apportioned out of the state school tax for the support of public schools in said county for the year 1878–79.

The county collector did not pay the amount named in the superintendent's order, or any of it, but gave credit to the city for the entire sum on the amount due from said city to the county for county taxes of the year 1878.

No credit was given to the board of education at that time, but it was applied as a credit of March 12th, 1878, to reimburse the city for so much of the amount appropriated and to be used for schools during the year 1878, by the ordinance first above set forth.

The practice under the charter of the city of Elizabeth of 1863, was for the city to make the appropriations for schools on or before April 1st in each year, and then advance the money to the board of education to be used for the year com-

mencing on the 1st of January preceding. The city reimbursed itself from school taxes collected in the fall and winter following the appropriations.

The collector of Union county, about the 1st of January, paid the state in full for the year 1878, but no assessment was made, or provision made, in 1878, for school moneys for the year 1879. When, therefore, the order of the county superintendent was presented to the collector of Union county, Patrick Sheridan, for the amount apportioned out of the state school tax for the support of public schools in said county for the year 1878–79, the school moneys had all been expended in the year 1878. The fiscal year of the city of Elizabeth begins January 1st, and ends December 31st, each year.

Argued at November Term, 1879, before Justices DEPUE, SCUDDER and KNAPP.

For the relator, *W. J. Magie.*

For the respondents, *B. Williamson* and *Frank Bergen.*

The opinion of the court was delivered by

SCUDDER, J. It is manifest that this deficiency and failure in the appropriation for school moneys for the year 1878–79, being the school year from September 1st, 1878, to September, 1879, have arisen from a disregard of the general school laws of the state. The city council made the appropriation and directed the assessment made in March for the city fiscal year, beginning on the preceding 1st day of January, while the state law requires that the appropriation and assessment shall be made for the succeeding school year, beginning on the following 1st day of September.

The school law passed in 1871, (*Pamph. L., p.* 94,) reenacted in 1874, (*Rev., p.* 1083,) enacts that the comptroller shall apportion the state school tax of two mills on each dollar of valuation contained in the abstracts, to be assessed,

levied and collected at the same time and in the same manner in which the state taxes are assessed, levied and collected among the several counties, and transmit, on or before the 1st day of May of each year, the time appointed by law for the assessment of general taxes, a statement of the amount of said tax apportioned to each county, to be laid by the county collector before the board of assessors, or the common council of cities, to apportion said school taxes, as other taxes are apportioned, and to be assessed according to law.

The county collectors shall pay to the treasurer of the state the quotas due from their respective counties of the taxes imposed by the act, on or before the 1st day of January next ensuing the assessment thereof.

The state superintendent, under the direction of the trustees of the school fund, on or before the 1st day of January of each and every year, shall apportion these moneys among the several counties, in proportion to the number of children included in the last published school census of the said counties respectively; and it is his further duty, on or before the 10th of January of each year, to draw orders on the comptroller of the state treasury, and in favor of the county collectors, for the payment of the money thus apportioned.

The county superintendent of each county shall apportion to the towns, cities and school districts, the state school money, together with the interest of the surplus revenue belonging to said county, and such other moneys as may be raised for school purposes, and on or before the 10th day of February of each and every year, shall draw orders on the county collector, and in favor of the township collectors and city treasurers of his county, for the payment of said moneys so apportioned, and said collectors and treasurers shall apply for and be entitled to receive the same as soon as such orders are received.

This statute prescribes the method for raising the school moneys, and their apportionment and disbursement, in the several towns, cities and school districts of the state. It is evident that the assessment is to be made for the succeeding

school year, beginning on the 1st day of September, and cannot be made to relate to the year preceding the assessment and appropriation.

The common council have fallen into the error by continuing the former method of taxation and appropriation, under the charter of 1863, which has been changed, and in effect repealed, by the general school law of 1871, and the county collector and city treasurer have inadvertently misapplied these school moneys, leaving themselves without means to pay the superintendent's order.

The strict construction and enforcement of our school laws have been adjudged in this court in *State, Herder, pros.,* v. *County Collector of Hunterdon,* 7 *Vroom* 363, denying that the county collector has any discretion in determining the amount to be paid to the township collectors, or any authority to set up any counter claim against the county superintendent's order; and in *State, ex rel. Skirm,* v. *Cox, Collector,* 9 *Vroom* 302, holding that the board of assessors must apportion and distribute the school tax according to the duplicate of the present, and not the preceding year. The general school law is prospective in all its features, and not retroactive. Section 83 of the school law is imperative in its terms—that the county collector of each county shall receive and hold in trust that part of the state appropriation belonging to his county, and shall pay out the same to the collectors of the several townships, and to the city treasurers of the cities of his county, only on the orders of the county superintendent. He is responsible for these moneys, if otherwise expended. And there is no doubt of the power of this court to compel the county collector to pay the public school moneys on the order of the county superintendent, when they have been improperly paid out by him without such order.

The act passed April 4th, 1873, entitled "A supplement to an act entitled 'An act to revise and amend the charter of the city of Elizabeth,'" approved March 4th, 1863, establishing a board of education in that city, does not conflict with the provisions of the general law, in the particulars above

stated, and does not change the time to which, for all school
purposes, the assessment of taxes must relate.

As the county collector was bound, under Section 79 of the
school law, to pay to the treasurer of the state the quota due
from his county, for taxes imposed for school purposes, on or
before the 1st day of January last next ensuing the assess-
ment, and has received credit therefor, I do not see that it is
any answer to the superintendent's order, drawn on that credit
given by the state, that he has no funds, because they have
been all expended in the previous year. He is concluded by
the state treasurer's receipt for school moneys, for that fiscal
year, and must pay on the county superintendent's order.

A writ of peremptory *mandamus* will be allowed against
the county collector, and, upon further application, the court
will grant such relief against the other respondents as may
be necessary to effect the object of this writ.